IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 97-cr-40074-001 JPG |
| ) | |
| LARRY DEAN MAYS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Larry Dean Mays's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 90). The Court appointed counsel for Mays, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 93). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the government nor Mays has responded to counsel's motion although they were given an opportunity to do so.

Mays pled guilty to one count of conspiring to distribute and possess with intent to distribute crack cocaine, three counts of distribution and possession with intent to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Mays's relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 34. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possessing a weapon and was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that Mays was a career offender under U.S.S.G. § 4B1.1

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 1997 United States Sentencing Guidelines Manual.

based on prior drug or violent felony convictions, which raised his offense level to 37, again reduced by 3 to 34 for acceptance of responsibility. Considering Mays's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison on the conspiracy count and 240 months on the distribution/possession counts. The Court imposed a sentence of 288 months on the conspiracy count and 240 months on the distribution/possession counts, less than or equal to the statutory maximum sentences established by Mays's convictions. *See* 21 U.S.C. § 841(b)(1)(B) & (C). His sentence on each count was subsequently reduced to 192 months pursuant to Federal Rule of Criminal Procedure 35(b). Mays now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

2

Mays cannot satisfy the first criteria because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Mays, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Mays cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 93) and **DISMISSES** Mays's motion for a sentence reduction (Doc. 90) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is **DIRECTED** to mail a copy of this Order to Defendant Larry Dean Mays, Reg. No. 04056-025, USP Leavenworth, P.O. Box 1000, Leavenworth, KS 66048.

**IT IS SO ORDERED.**
**DATED: June 16, 2009.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**